The Chief Justice
delivered the opinion of the court.
The action before the justice, in this case was brought on a promissory note, endorsed to the plaintiff, payable on demand, dated upwards of four years previous to the issuing of the su mmons, and alleged to have been lost or mislaid.
*281 The defendant below was an housekeeper and resident, with *his family, in the county of Middlesex. In the pursuit of his lawful business, and without any appearance of secrecy, or concealment, or intention to elude, or delay, or defraud his creditors, he went on a journey to Rochester, in the State of Yew York, leaving his wife and family at his usual place of residence, and having fixed a period when he purposed to return, which, however, he exceeded about a week. During his absence the summons was served by being left at his place of abode. On the service, his wife informed the constable of the absence of the defendant, the place whither he was gone, the business in which he was engaged, and her expectation of his return in about ten days; which the officer mentioned to the justice, and suggested to him the propriety of an adjournment. The justice did adjourn for fourteen days. At the expiration of which time, the justice proceeded to hear the cause and rendered judgment for the plaintiff. The defendant was, however, absent, and did not reach home until some days afterwards.
These matters appear by the return of the justice and by affidavits taken under a rule of this court.
The defendant below seeks a reversal of this judgment; and in an affidavit states, among other things, that the judgment was obtained without his knowledge or having any opportunity to be heard in his defence; that he has never, to his knowledge, had any dealings with Peter Johnson, and does not owe any individual of that name one dollar; and that the judgment in the suit before the justice is altogether oppressive and illegal and unjust.
Under like circumstances, a judgment by default in this court, would be opened, and the defendant permitted to file a plea, and make defence. It has, however, been “ settled in this court that a justice of the peace may not set aside or open, at the instance of a defendant, a judgment regularly obtained, because the defendant was absent, and, therefore, undefended, from accident, surprise, mistake or fraudulent *282 misrepresentations of the plaintiff.” Terhune v. Barcalow, 6 Halst. 38, and the cases there cited. If then the defendant cannot have relief in this court, on certiorari, he is without remedy, although, as the defendant in the case before us has sworn, he does not owe the *plaintiff one dollar, and the judgment is oppressive, illegal and unjust, and although his absence and consequent inability to defend himself was without reproach or suspicion.
The justice, in the present case, at the return of the summons, and on the representation of the constable, very properly made an adjournment, “ by the request of the defendant’s wife,” as he has stated on his docket. The plaintiff was then, if not sooner, apprised of the absence of the defendant from the state; for he appeared, by his attorney, before the justice, and must be presumed to have heard the reason of the adjournment. On the day to which the cause stood adjourned, as the defendant did not appear, the justice might have presumed he was still absent, or at least have made some enquiry into the fact; and another 'adjournment was within his power and would have been proper. The period of thirty days from the return of the summons, within which he is permitted by the statute to make adjournments had not expired. Hornor v. Hewlings, 3 Halst. 227. And it is enacted that a justice of the peace may, “ to prevent fraud or surprise on either side,” adjourn the trial. Rev. Laws 638, see. 17. In his comment on this section, Judge Pennington in his treatise says, hereby a reasonable and proper discretion is given to the justice to adjourn the cause, to be exercised by himself when he apprehends fraud is about to be practiced, or either party is in danger of being surprised.
•In the present case I think the defendant below is entitled to the relief he now seeks, although, as was said by the court, in Lowring v. Ramsey, Penn. 630, “ surprise is not strictly assignable for error,” and because as the court farther said, in the same case, "The justice of this case calls *283 for a remedy, which can no where be found but in the general superintending .authority of this court over inferior jurisdictions.”
Drake, J., concurred.
Ford, J., absent.
Judgment reversed.